**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7602**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY ALLEN OAKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:02-cr-00089-MR-1; 1:16-cv-00151-MR)

Submitted: October 31, 2022                    Decided:  November 9, 2022

Before AGEE, and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ann Loraine Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Allen Oaks seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. On appeal, Oaks challenges the district court's finding that his Tennessee aggravated assault conviction qualifies as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e).

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Oaks has not made the requisite showing because Oaks' aggravated assault conviction, which at minimum can be committed with a mens rea of extreme recklessness, satisfies the mens rea of a "violent felony" under 18 U.S.C. § 924(e). *See United States v. Manley*, __ F.4th __, __, No. 20-6812, 2022 WL 14725226, at *1, *5 (4th Cir. Oct. 26, 2022) (concluding that offense with mens rea of extreme recklessness satisfies mens rea of a "crime of violence" under 18 U.S.C. § 924(c), a term "materially similar" to "violent felony" under 18 U.S.C. § 924(e)).

2

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*